*N. J. State Bd. of Optometrists v. Nemitz,* 21 *N. J. Super.* 18 (App. Div. 1952).

The denial of the certificate of need is reversed and the matter is remanded to the HCAB for proceedings consistent with this opinion. We do not retain jurisdiction.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
GRAFTON BOONE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 11, 1977—Decided November 21, 1977.

Before Judges CONFORD, MICHELS and PRESSLER.

*Ms. Kathryn A. Brock,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Peter N. Gilbreth,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

The opinion of the court was delivered by

MICHELS, J. A. D. Defendant appeals from his conviction for obtaining money by false pretenses, in violation of *N. J. S. A.* 2A:111–1. According to the State's proofs, defendant, who drove a fuel oil truck for Colonial Fuel Oil Company, doing business as "Atlas Fuel Oil Company" (Colonial), fraudulently misrepresented the quantity of fuel oil sold and delivered to a customer in Belleville, New Jersey. Agents from the Office of Weights and Measures in the Division of Consumer Affairs, New Jersey Department of Law and Public Safety, determined that defendant delivered 230 gallons of fuel oil rather than 300 he claimed to have delivered.

Defendant seeks a reversal of his conviction, contending that he was denied the effective assistance of counsel guaranteed by the Federal Constitution because he was represented at trial by an attorney associated with the attorney who represented his employer, Anthony R. Franco, in a similar criminal matter. Franco owned Colonial and was charged in a separate indictment with making a short delivery of fuel oil to another customer. Franco's conviction for attempting to obtain money by false pretenses followed defendant's conviction. We affirmed Franco's conviction. *State v. Franco,* 153 *N. J. Super.* 428 (App. Div. 1977).

The record before us establishes that C. Robert Sarcone, Esq., represented Franco. He tried the case for Franco and following conviction filed a notice of appeal for Franco. Sarcone also was retained to represent defendant and was the attorney of record for him at the trial. However, Edward R. Schutzer, Esq., an associate of Sarcone, actually tried the case because Sarcone had another commitment at the time. Following defendant's conviction, Sarcone filed the notice of appeal for him. The potential for conflict of interest in the dual representation of defendant and Franco by Sarcone and his associate, Schutzer, was not apparent at the time of trial. Consequently, the trial judge had no reason to apprise defendant of his constitutional right to separate counsel and to ascertain on the record that defendant knowingly and understandingly waived that right. Moreover, the record is devoid of any suggestion that defendant was advised by Sarcone or by Schutzer of the potential for conflict despite their absolute duty to make such a disclosure.

The conflict of interest between defendant and Franco is evident here. An examination of the trial record clearly demonstrates that Schutzer was hampered in representing defendant by the dual representation. Under the circumstances we are satisfied that the spirit and intent of the constitutional right to effective assistance of counsel was violated, mandating a new trial. See *State v. Land,* 73 *N. J.* 24, 31 (1977). *See also Glasser v. United States,* 315 *U. S.*

60, 68–72, 62 *S. Ct.* 457, 86 *L. Ed.* 680 (1941); *State v. Green,* 129 *N. J. Super.* 157, 161–164 (App. Div. 1974).

Since a remand for a new trial is warranted, it is appropriate to consider other issues raised by defendant which might arise in a new trial. Defendant contends that the trial judge erred in instructing the jury with respect to certain statutes and an administrative regulation governing the sale and delivery of liquid fuel. He argues that since he was not indicted for violating any of these provisions they were not relevant to the issue of guilt. As such, their claimed violation should not have been considered by the jury even on the limited issue of fraudulent intent, knowledge, motive or mistake. Additionally, he argues that the State's failure to offer the statutes or administrative regulation on its case in chief or use them on cross-examination precluded their admission as substantive evidence for the first time during the charge to the jury.

■ The specific statutory provisions referred to by the trial judge were *N. J. S. A.* 51:9–5, requiring that the sale and delivery of liquid fuel exceeding 50 gallons be measured by a positive displacement liquid flow meter (tested and sealed by the Office of Weights and Measures); *N. J. S. A.* 51:9–7 requiring the issuance of a delivery ticket printed by an automatic device attached to and coordinated with an approved measuring meter, and listing the matters to be contained on the ticket, and *N. J. S. A.* 51:9–9, prohibiting the delivery of any liquid fuel which has not been measured by an approved testing and measuring device. The administrative regulation referred to was Regulation UR. 2.2 of the National Bureau of Standards, adopted by the State Superintendent of Weights and Measures (*N. J. A. C.* 13:47B–1.20). The regulation prohibits the insertion of a delivery ticket into a meter equipped with a ticket printer until immediately before the delivery. These statutes and the regulation generally were designed to protect the public from fraud and dishonesty in the sale and delivery of liquid fuel. Defendant presumably had actual

knowledge of their existence by virtue of his status as an employee in the fuel industry and his instruction on delivery procedures by Franco. Defendant's lack of compliance would be some evidence of his fraudulent intent rather than mistake or inadvertence. Under the circumstances, evidence of violations of the statutory provisions and administrative regulation governing the sale and delivery of fuel oil was admissible. The jury could consider the provisions, together with all the other evidence in the case, in determining whether defendant fraudulently intended to obtain money by false pretenses or whether he made the short delivery through mistake or inadvertence. *See State v. Zwillman,* 112 *N. J. Super.* 6, 13–14 (App. Div. 1970), certif. den. 57 *N. J.* 603 (1971); *State v. Then,* 118 *N. J. L.* 31, 40–41 (Sup. Ct. 1937), aff'd o. b. 119 *N. J. L.* 429 (E. & A. 1938). *Cf. Evid. R.* 55; *State v. Mulero,* 51 *N. J.* 224, 228 (1968); *State v. Baldwin,* 47 *N. J.* 379, 391 (1966).

However, as a matter of proper trial practice and fundamental fairness, where the State intends to request a jury instruction on the existence and effect of specific statutory provisions or administrative rules and regulations which establish standards of conduct, such as those governing the sale and delivery of liquid fuel, it should notify defendant at or prior to trial of the specific statutory provisions and administrative rules and regulations upon which it intends to adduce. Such notification will apprise defendant of the evidence intended to be relied upon and will afford him a fair opportunity to meet it. This request will not impose any additional burden on the State since it, as every litigant, is required to submit written requests to charge the jury at or before trial presently. *R.* 1:8–7.

There is no merit in defendant's argument that the State must offer the New Jersey statutes in evidence before they may be charged to the jury. *Evid. R.* 9(1) requires that the trial judge take judicial notice of the statutory laws of this State. See *Leary v. Gledhill,* 8 *N. J.* 260, 266 (1951). However, a foundation must be laid before a jury is in-

structed on administrative rules and regulations, such as those promulgated by the Office of Weights and Measures. There are several techniques that may be used to accomplish this. First, the rules and regulations may be offered in evidence during trial. Secondly, the trial judge may be requested to take judicial notice of them, in accordance with *Evid. R.* 9(2). *Evid. R.* 9(2) permits the trial judge to take judicial notice of duly published administrative regulations if the party requesting such notice (a) furnishes the judge with sufficient information to enable him to properly comply with the request, and (b) submits notice thereof to each adverse party in the pleadings or at least 20 days before trial. *Evid. R.* 9(3). Finally, a foundation can be laid by using the rules and regulations in cross-examining defense witnesses, as in *State v. Zwillman, supra.* Here, the State neither requested judicial notice of the administrative regulation, offered the regulation in evidence, nor cross-examined any of defendant's witnesses concerning it. Consequently, under the circumstances the trial judge erred in instructing the jury on the existence and effect of the administrative regulation.

Reversed and remanded.